# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ISRAEL GARZA,

    Plaintiff,

v.

JUDGE MARVIN ISGUR, et al.,

    Defendants.

Case No. 1:12-cv-301

Spiegel, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Israel Garza, proceeding *pro se*, paid the requisite filing fee and initiated this civil action against United States Bankruptcy Judge Marvin Isgur and six additional Defendants on April 16, 2012, alleging that all seven Defendants violated Plaintiff's constitutional rights. The record does not reflect the appearance of any of the named Defendants to date with the exception of Judge Isgur, who has moved to dismiss for failure to state a claim. (Doc. 3). In response, Plaintiff has moved to strike Defendant's motion. (Doc. 4). Plaintiff also has filed a "motion for clarity" (Doc. 6) and a "motion for injunction on all the cases filed with the appeal assigned to the Honorable Judge Micaela Alvarez." (Doc. 7). Pursuant to local practice, this matter has been referred to the undersigned magistrate judge for a report and recommendation. For the reasons set forth below, I recommend that Defendant's motion be granted, and that all of Plaintiff's motions be denied.

1

**I. Background**

Defendant Isgur, a United States Bankruptcy Judge, has been named as a defendant in this case based entirely upon his conduct in the Adversary Proceeding of *Jose Alberto Rodriguez, et al., v. Anita Ramirez, et al.,* Adversary No. 09-7004 (Bankr. S.D. Texas). Judge Isgur has moved to dismiss all claims against him under the doctrine of absolute judicial immunity.

**II. Analysis**

**A. Defendant Isgur's Motion to Dismiss**

No matter how the allegations of Plaintiff's complaint are construed, all claims against Defendant Isgur are subject to immediate dismissal based upon the doctrine of judicial immunity. Additionally, the claims are subject to dismissal for lack of subject matter jurisdiction and for failure to state a claim.[1]

Plaintiff's motion to strike (Doc. 4), as well as his two additional motions (Docs. 6, 7), only serve to confirm the Court's understanding of his difficult-to-decipher claims, to the extent that Plaintiff explains that his lawsuit seeks to challenge Judge Isgur's judicial decisions in the referenced bankruptcy case and related proceedings. Apparently, one of Plaintiff's concerns is that Judge Isgur's Order of March 27, 2012 violated Plaintiff's due process rights, insofar as it authorized a Chapter 7 Trustee to initiate foreclosure proceedings in Ohio "upon those properties owned by Anita Garza." Plaintiff is Anita Garza's husband, and in that capacity, expresses various concerns with the possibility

---

[1] The records of this Court reflect that a different complaint filed by Plaintiff against multiple defendants was recently dismissed for similar reasons (absolute judicial immunity as to claims against state court judges, and failure to state a claim against all other defendants). *See Garza v. Adams*, Case No. 1:11-cv-541-SJD, Reports and Recommendations recommending dismissal, and Orders of District Court adopting those R&Rs, Docs. 23, 35, 37, 39.

2

that the Trustee will commence foreclosure proceedings concerning certain real estate located at 6502 Cornell Road in Cincinnati, Ohio. However, Defendant has offered evidence that the Trustee has not initiated any such foreclosure proceeding against the Cornell Road property at this time. (Doc. 5-1).

Plaintiff's recent motions, read in combination with his original complaint, offer two additional bases for dismissal of the entire complaint. As Defendant points out, while his wife may be a party, Plaintiff Garza himself is not a party in the Texas bankruptcy proceedings he seeks to attack through this lawsuit. As such, Plaintiff lacks standing to challenge the proceedings that have occurred (or are ongoing) in the Texas bankruptcy court. Plaintiff bears the burden of proving subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)). However, Plaintiff has failed to show any basis under which this Court could retain jurisdiction over his claims.

To the extent that Plaintiff seeks to prevent the execution of a foreclosure order pertaining to property in which he (as opposed to his wife) has any interest, he can seek relief in bankruptcy court under Bankruptcy Rule 9024. In addition, to the extent that the Trustee would initiate a future foreclosure proceeding in Ohio, Ohio law permits Plaintiff to assert any ownership interest at that time. *See, e.g., Hollinger v. Bates*, 43 Ohio St. 437 (1985). Regardless of what future relief Plaintiff may be able to seek from the Texas bankruptcy court or in Ohio (if any foreclosure proceeding is initiated), it is clear that this Court presently lacks subject matter jurisdiction under Rule 12(b)(1), and that Plaintiff's complaint fails to state a claim under Rule 12(b)(6).

### B. Other Claims and Defendants

Apart from Defendant Isgur's motion to dismiss, the Court takes judicial notice of the fact that more than 120 days have now elapsed without any evidence that Plaintiff has perfected service upon the absent Defendants. In addition, Plaintiff's complaint fails to comply with Rule 8, fails to identify the basis for this Court's subject matter jurisdiction for any claims against the remaining Defendants under Rule 12(b)(1), Fed. R. Civ. P., and does not appear to state a claim against any Defendant under Rule 12(b)(6). For these reasons, Plaintiff will be directed to show cause, by separate order, why his complaint should not be dismissed based upon his failure to perfect service, this Court's lack of subject matter jurisdiction, and his failure to state any articulable claim against any remaining Defendant.

### III. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 3) should be **GRANTED** and all claims against Defendant Isgur should be dismissed based upon the doctrine of absolute judicial immunity and for the additional reasons discussed above;

2. Plaintiff's motion to strike Defendant's motion, motion for clarity, and motion seeking an injunction or stay of all related cases (Docs. 4, 6, 7) all should be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ISRAEL GARZA,　　　　　　　　　　　　　　　Case No. 1:12-cv-301

　　　Plaintiff,　　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　　v.

JUDGE MARVIN ISGUR, et al.,

　　　Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).