**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ISRAEL GARZA,   Case No. 1:12-cv-301

    Plaintiff,   Spiegel, J.
        Bowman, M.J.

v.

JUDGE MARVIN ISGUR, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Israel Garza, proceeding *pro se*, paid the requisite filing fee and initiated this civil action against United States Bankruptcy Judge Marvin Isgur and six additional Defendants on April 16, 2012, alleging that all seven Defendants violated Plaintiff's constitutional rights. As discussed in the prior R&R, Plaintiff's claims are difficult to decipher, but in general seek to challenge Judge Isgur's judicial decisions in a Texas bankruptcy case involving Plaintiff's wife, as well as related proceedings. The undersigned previously recommended the dismissal of Judge Isgur for failure to state a claim. (Doc. 9). Plaintiff has filed objections to that R&R, which objections remain pending before the presiding district judge. (Doc. 12).

On the same date that the prior R&R was filed, based upon its *sua sponte* review, the Court entered an Order notifying Plaintiff that "the Court proposes to dismiss the complaint, due to Plaintiff's failure to effect timely service of process of the summons and complaint," as well as "for failure to state a claim under Rule 12(b)(6),

1

and for lack of subject matter jurisdiction under Rule 12(b)(1)." (Doc. 10). In the same Order, the Court directed Plaintiff to "show cause...why the complaint should not be dismissed based upon the failure of service of process, lack of federal subject matter jurisdiction, and/or failure to state a claim against any of the remaining Defendants." (*Id.*).

On September 10, 2012, Plaintiff responded with a document captioned as "Amended Pleadings Statement of Claim." (Doc. 13). Having examined Plaintiff's response, I conclude that it adds nothing of substance to flesh out any cognizable claim against any Defendant, or to substantiate this Court's jurisdiction over any claims asserted in the Complaint. Moreover, Plaintiff fails to respond at all to explain his failure to timely serve the Defendants. Therefore, and for the reasons previously stated, I recommend that this action be dismissed with prejudice, for failure to state a claim and for lack of jurisdiction. In the alternative, I recommend that this case be dismissed without prejudice for failure of service under Rule 4(m). For the convenience of the Court, the analysis previously set forth in the Court's August 27 Order is quoted in its entirety:

> **Facial Defects in Subject Matter Jurisdiction, Failure to State a Claim, and Failure of Service**
>
> While Plaintiff's wife may have an interest, Plaintiff Garza himself is not a party to the Texas bankruptcy proceedings he seeks to attack through this lawsuit. As such, Plaintiff lacks standing to challenge the proceedings that have occurred (or are ongoing) in the Texas bankruptcy court.
>
> Plaintiff bears the burden of proving federal subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications, Inc.*, 123 F.3d 935, 938 (6th Cir. 1997)). However, Plaintiff has failed to show any basis under which this Court could retain jurisdiction over his

claims. Absent subject matter jurisdiction, this Court should dismiss this litigation in its entirety under Rule 12(b)(1), Fed. R. Civ. P.

In addition to the Court's concern regarding its subject matter jurisdiction over this case, the Court takes judicial notice of the fact that more than 120 days have now elapsed without any evidence that Plaintiff has perfected service upon the absent Defendants. Pursuant to Rule 4(m), Fed. R. Civ. P., Plaintiff was required to properly serve each Defendant within 120 days of the date he filed his complaint. Although the docket sheet reflects that summons forms were issued, the summons were never returned executed. "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action. *See Osborne*, 217 F.R.D. at 408; *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

Last, having more closely reviewed Plaintiff's complaint in the context of Defendant Isgur's motion to dismiss, it appears that the Complaint as written fails to comply with Rule 8 of the Federal Rules of Civil Procedure, insofar as it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" against the remaining individual Defendants. Fed. R. Civ. P. 8(a)(2). In addition, Plaintiff has failed to articulate any articulable claims against the remaining six Defendants. *See also, generally*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007); *Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Pursuant to *Apple v. Glenn*, 185 F.3d 477 (6th Cir. 1999), a district court has authority to *sua*

*sponte* dismiss a non-prisoner *pro se* complaint for lack of jurisdiction "at any time" in cases when the Court's review reveals the allegations of a complaint to be "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." *Id.* at 479. In most cases, though not all, a *pro se* plaintiff whose initial pleading fails to state a claim upon which relief can be granted will be afforded the opportunity to amend his complaint, in order to comply with Rule 8 and to surpass the relatively low bar of the *Iqbal* "plausibility" standard.

Here, Plaintiff's complaint appears to contain no allegations at all against Defendants Kevin P. Hanna, Heriberto Medrano, Baldmar Cano, Jr., or Albert Villegas (except for a reference to legal fees paid to the latter Defendant). The sole allegations against Defendant Demetrio Duarte, Jr. concern perceived shortcomings in his performance as counsel during the bankruptcy, including allegations that he deceived the Court and solicited false testimony in his role as advocate. Similarly, the minimal allegations against Defendant Michael B. Schmidt concern his role as an attorney and/or Trustee, in filing a motion to disgorge fees allegedly paid by Alicia Garza to another attorney, Defendant Albert Villegas. (Doc. 1 at 17). None of these allegations articulate a federal claim.

(Doc. 10).

### III. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT:**

This action be **DISMISSED WITH PREJUDICE** for failure to state a claim against any Defendant, and for failure to demonstrate any basis for federal jurisdiction. In the alternative, this action should be dismissed without prejudice for failure of service. Regardless of the basis for dismissal, this case should be **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ISRAEL GARZA,                                  Case No. 1:12-cv-301

       Plaintiff,                              Spiegel, J.
                                               Bowman, M.J.

      v.

JUDGE MARVIN ISGUR, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).