UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ISRAEL GARZA,                      :         NO. 1:12-CV-301
                                   :
        Plaintiff,                 :
                                   :
        v.                         :         **OPINION AND ORDER**
                                   :
JUDGE MARVIN ISGUR, et al.,        :
                                   :
        Defendants.                :

   This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 9), Plaintiff's Objections (doc. 12), and Defendant Isgur's Response (doc. 15). Also before the Court is the Magistrate Judge's Second Report and Recommendation (doc. 14), Plaintiff's Response (doc. 19), and Defendant's Reply (doc. 20). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations in all respects and DISMISSES this matter from the docket.

   This matter involves Plaintiff's allegations that United States Bankruptcy for the Southern District of Texas Judge Marvin Isgur and six additional Defendants violated Plaintiff's constitutional rights (doc. 1). Plaintiff appears to be challenging the bankruptcy court's order authorizing a Chapter 7 Trustee to initiate foreclosure proceedings in Ohio on properties owned by Plaintiff's wife, Anita Garza (doc. 9). Specifically, Plaintiff appears to seek to protect his property interests in relation to his residence at 6501 Cornell Road, in Blue Ash, Ohio

(Id.).

**I. The August 27, 2012 Report and Recommendation**

The Magistrate Judge issued her initial Report and Recommendation, finding that all claims against Defendant Isgur are subject to dismissal due to the doctrine of judicial immunity, but also for lack of jurisdiction and for failure to state a claim (Id.). The Magistrate Judge further noted that Defendant has offered evidence that the Trustee has not initiated any foreclosure proceeding against the Cornell Road property, and that Plaintiff Garza is not party to the Texas bankruptcy proceedings so that he lacks standing to raise a challenge (Id.). Moreover, the Magistrate Judge indicated that to the extent Plaintiff seeks to prevent the execution of a foreclosure Order, he could do so in bankruptcy court under Bankruptcy Rule 9024, and in any event, he could assert ownership interests in the property under Ohio law (Id. citing Hollinger v. Bates, 43 Ohio St. 437 (1985)).

The Magistrate Judge's Order incorporated Plaintiff's pending motion to strike (doc. 4), motion for clarity (doc. 6), and motion for injunction (doc. 7), which she used to interpret Plaintiff's Complaint. She found each motion without merit and recommended dismissal.

Finally the Magistrate Judge took notice that Plaintiff failed to perfect service on any of the remaining Defendants (Id.). The Magistrate Judge therefore issued a show cause Order (doc. 10),

directing Plaintiff to demonstrate why his Complaint should not be dismissed for such failure.

Plaintiff responded that dismissal of his case would violate his Seventh Amendment right to have his claims resolved by a jury, and that the Texas Order authorizing foreclosure of his wife's properties violates his property rights in the real estate at 6502 Cornell Road (doc. 12).  Defendant Isgur replies both contentions lack merit (doc. 15).  Defendant correctly indicates it is well settled that the granting of a dispositive motion does not violate a right to a jury trial (Id., citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979)).  Defendant further indicates the Texas court order complies with Ohio law, and properly pertains to properties owned by Anita Garza (Id.).  Moreover, Defendant contends there is no foreclosure action against the property at 6502 Cornell Road, Plaintiff has a remedy in Bankruptcy Rule 9024, and Ohio law provides protection for Plaintiff to assert any ownership rights he may have in relation to the property (Id.).

**II. The September 18, 2012 Report and Recommendation**

The Magistrate Judge issued a second Report and Recommendation (doc. 14), taking into consideration Plaintiff's "Amended Pleadings Statement of Claim" (doc. 13).  The Magistrate Judge found nothing of substance to state a claim or to demonstrate the court's jurisdiction so as to avoid dismissal (doc. 14).  The Magistrate Judge noted Plaintiff offered no explanation for his

3

failure to serve Defendants, and thus the Complaint should alternatively be dismissed for failure of service under Rule 4(m) (Id.).

Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation (doc. 19), which Defendant challenged as untimely (doc. 20).

**III. Analysis**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendations thoughtful, well-reasoned, and correct.  In his various filings Plaintiff has in no way addressed Defendant's numerous grounds for dismissal of his Complaint.  There is absolutely nothing in this case to show that Defendant Judge Isgur is not entitled to judicial immunity.  There is no evidence that the remaining Defendants have ever been served. It is also quite clear that Plaintiff lacks standing to raise his challenge in this Court, and that in any event, he has other remedies available should he need to defend any property interests to the Cornell Road property, which is not presently subject to any foreclosure proceeding.

Accordingly, having reviewed this matter de novo, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommedations in all respects (docs. 9, 14), GRANTS Defendant's Motion to Dismiss (doc. 3),and DISMISSES Plaintiff's Complaint. The Court further DENIES Plaintiff's Motions to Strike, for

4

Clarity, and for an Injunction (docs. 4, 6, 7).  The Court further notes it lacks jurisdiction to grant the injunctive relief against Defendant that Plaintiff seeks in his Motion for Injunction, and therefore DENIES such motion as well (doc. 8).  This matter is DISMISSED in its entirety.

    SO ORDERED.

Dated: January 17, 2013        <u>s/S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge